# EXHIBIT A

**THE AFTERGOOD LAW FIRM**
Aaron D. Aftergood (239853)
aaron@aftergoodesq.com
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 551-5221
Facsimile: (310) 496-2840

**WOODROW & PELUSO, LLC**
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*_Pro Hac Vice_ admission to be filed

Attorneys for Plaintiff Tracy Eggleston
and the Class

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **TRACY EGGLESTON,** individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| **DIRECT PROTECT SECURITY & SURVEILLANCE, INC.** a California corporation, | **JURY TRIAL DEMANDED** |
| Defendants. | |

1.     Plaintiff Tracy Eggleston ("Plaintiff" or "Eggleston") brings this Class Action Complaint against Defendant Direct Protect Security & Surveillance, Inc., ("DPSSI" or "Defendant") to stop its practice of making unsolicited autodialed calls to cellular telephones without procuring prior express written consent from consumers, and to obtain redress for all persons similarly injured by their conduct.

1    Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to

2    herself and her own acts and experiences, and, as to all other matters, upon

3    information and belief, including investigation conducted by her attorneys.

4    2.    The Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

5    ("TCPA"), and its implementing regulations, 47 C.F.R. § 64.1200, *et seq.*, prohibit

6    companies, such as Defendant, from using an automatic telephone dialing system

7    ("ATDS") to make calls to cellular telephones without first obtaining prior express

8    consent. Consent must be written where, like here, the calls are for telemarketing

9    purposes.

10   3.    In this case, DPSSI has violated, and continues to violate, the TCPA

11   and its regulations by making autodialed calls to cellular phone subscribers who

12   have not provided prior express written consent to receive such calls.

13   **PARTIES**

14   4.    Plaintiff Tracy Eggleston is a natural person over the age of eighteen

15   who resides in Simi Valley, California, which is located in Ventura County.

16   5.    Defendant DPSSI is a corporation incorporated and existing under the

17   laws of the State of California whose primary place of business and corporate

18   headquarters is located at 3151 Airway Ave., Ste. F-205, Costa Mesa, CA 92626

19   **JURISDICTION**

20   6.    This Court has subject matter jurisdiction over this action pursuant to 28

21   U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47

22   U.S.C. § 227, *et seq.*, a federal statute. This Court also has jurisdiction under the

23   Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, because the alleged Class

24   consists of over 100 persons, there is minimal diversity, and the claims of the class

25   members when aggregated together exceeds $5 million. Further, none of the

26   exceptions to CAFA apply.

27   7.    This Court has personal jurisdiction over DPSSI and venue is proper in

28   this District because Defendant solicits significant business in this District, is

**CLASS ACTION COMPLAINT**        - 2 -

1   registered to do business in this District, DPSSI is headquartered in this District,

2   Plaintiff received the offensive calls at issue in this District, and a substantial part of

3   the events or omissions giving rise to the claim occurred in this District.

4   **COMMON ALLEGATIONS OF FACT**

5        8.    Defendant DPSSI is an alarm and security company located in Ventura

6   County California serving locations all across Southern California.

7        9.    DPSSI is an authorized dealer of Brinks Home Security systems.

8        10.   To increase its sales and reach, DPSSI engaged in a widespread

9   telemarketing campaign.

10       11.   Telemarketing is a tried and true method of communicating with

11   consumers. With respect to cellphones, telemarketers have the ability to make a

12   device carried on the consumer's person to vibrate or ring, alerting the consumer to

13   the call.

14       12.   In making the autodialed calls at issue in this Complaint, Defendant

15   utilized an automatic telephone dialing system. Specifically, the hardware and

16   software used by Defendant (or its agent(s)) has the capacity to store, produce, and

17   dial random or sequential numbers, and/or receive and store lists of telephone

18   numbers, and to dial such numbers, *en masse*, in an automated fashion without

19   material human intervention. Defendant's automated dialing equipment includes

20   features substantially similar to a predictive dialer inasmuch as it is capable of

21   making numerous text message calls simultaneously (all without human

22   intervention).

23       13.   The problem for DPSSI is that it fails to obtain consumers' prior

24   express written consent to place the autodialed calls as required by the TCPA.

25       14.   That is, DPSSI makes unauthorized SMS messages to cellular

26   subscribers who have not provided proper consent to Defendant to receive autodialed

27   calls. In doing so, DPSSI makes autodialed calls to solicit consumers to purchase its

28   home security alarm products and services—all in violation of the TCPA.

**CLASS ACTION COMPLAINT**          - 3 -

1      15.     By making the autodialed calls at issue in this Complaint, Defendant

2  caused Plaintiff and the members of the Class actual harm and cognizable legal

3  injury. This includes the aggravation and nuisance and invasions of privacy that

4  result from the receipt of such calls, in addition to a loss of value realized for the

5  monies consumers paid to their wireless carriers for the receipt of such calls.

6  Furthermore, the calls interfered with and interrupted Plaintiff's and the other Class

7  members' use and enjoyment of their cellphones, including the related data,

8  software, and hardware components. Defendant also caused substantial injury to

9  their phones by causing wear and tear on their property, consuming battery life, and

10  appropriating cellular minutes and data.

11      16.     Defendant knows or acts in conscious disregard of the fact that its

12  autodialed calls to these cellular subscribers are unauthorized. As such, Defendant

13  not only invaded the personal privacy of Plaintiffs and other members of the Class

14  but also intentionally and repeatedly violated the TCPA.

15      17.     To the extent a third party made calls on behalf of DPSSI, DPSSI knew

16  about the autodialed calls, received the benefits of the autodialed calls, directed the

17  autodialed calls to be placed, and ratified the content and making of the calls.

18                          **FACTS SPECIFIC TO PLAINTIFF**

19      18.     Plaintiff Eggleston is the owner and customary user of a personal

20  cellular telephone number ending in 0318.

21      19.     In or around June 18, 2019, Plaintiff received an autodialed call on her

22  cellphone from Guy Ford III, at DPSSI. The call was to pitch Plaintiff on a home

23  security system.

24      20.     Plaintiff had never provided DPSSI prior express written consent to

25  contact her.

26      21.     Plaintiff notified her attorneys who reached out to DPSSI's lawyers.

27  DPSSI's lawyers responded on or about June 25, 2019 that DPSSI's position was

28

**CLASS ACTION COMPLAINT**          - 4 -

1   that Plaintiff had provided prior express consent via a website (URL

2   http://myhomeimprovementcenter.com) back on June 7, 2019.

3        22.   The letter from DPSSI's lawyers purported to contain Plaintiff's IP

4   address, 107.184.104.27, but that is not Plaintiff's IP address.

5        23.   When Plaintiff's counsel followed up regarding the website, DPSSI's

6   lawyers responded by providing a screenshot of 247homeimprovementnow.com, not

7   myhomeimprovementcenter.com, as previously stated in counsel's prior letter. While

8   similar, they are two distinct websites, further calling into question the veracity of

9   the representations by DPSSI and its lawyers regarding Plaintiff's supposed consent.

10       24.   Plaintiff denies ever visiting 247homeimprovementnow.com or

11  myhomeimprovementcenter.com. Likewise, Plaintiff denies ever entering her

12  personal information into either website's form fields for any reason.

13       25.   Defendant was, or is, aware that the above-described autodialed calls

14  were placed to consumers like Plaintiff who have not consented to receive them.

15       26.   By continuing to make unauthorized calls as alleged herein, DPSSI has

16  caused Plaintiff and other consumers actual harm and cognizable legal injury. This

17  includes the aggravation, nuisance, and invasion of privacy that results from the

18  receipt of such unwanted autodialed calls in addition to a loss of value realized for

19  the monies consumers paid to their wireless carriers for the receipt of such calls.

20  Furthermore, the calls interfered with Plaintiff's and the other Class members' use

21  and enjoyment of their cellphones, including all related data, software, and hardware

22  components. Defendant also caused substantial injury to their phones by causing

23  wear and tear on their property, consuming battery life, interfering with their use and

24  enjoyment, and in some instances appropriating cellular minutes and data.

25       27.   To redress these injuries, Plaintiff, on behalf of herself and a Class of

26  similarly situated individuals, brings this suit under the TCPA, which prohibits

27  unsolicited text calls to cellular telephones. On behalf of the Class, Plaintiff seeks an

28  injunction requiring Defendant to cease all unauthorized autodialed calling activities

(plus corresponding declaratory relief) and an award of statutory damages to the class members, together with pre and post-judgment interest, costs and reasonable attorneys' fees.

## CLASS ALLEGATIONS

28.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and the Class as defined as follows:

> All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the Class; (2) received at least one call from Defendant, or a third person acting on behalf of Defendant; (3) on the person's cellular telephone; (4) for the purpose of selling Defendant's security products and services; (5) using the same equipment that was used to call the Plaintiff; and (6) form whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it obtained prior express consent to call Plaintiff.

29.     The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiff anticipates the need to amend the class definition following appropriate discovery.

30.     **Numerosity:** The exact number of members within the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has placed autodialed

calls to thousands of consumers who fall into the defined Class. The exact number of members of the Class can only be identified through Defendant's records.

31. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class in that Plaintiff and the members of the Class sustained damages arising out of Defendant's uniform wrongful conduct.

32. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff and her counsel have no interests antagonistic to those of the Class and Defendant has no defenses unique to Plaintiff.

33. **Commonality and Predominance:** There are several questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class, driving to the very heart of the litigation. Common questions for the Class include, but are not necessarily limited to, the following:

(a) Whether Defendant's conduct violated the TCPA;

(b) Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct;

(c) Whether Defendant used an automatic telephone dialing system to make calls to consumers;

(d) Whether Defendant obtained prior express written consent to make the calls; and

(e) Other common questions of law and fact.

34. **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendant has acted or refused to act on grounds substantially similar towards all members of the Class so as to render final injunctive relief and corresponding declaratory relief appropriate so as to warrant certification under Rule 23(b)(2).

35.     **Superiority & Manageability:** This case is also appropriate for class certification under Rule 23(b)(3) because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint and would run the risk of inconsistent rulings. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendant for the same conduct.

## CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.***

**(On Behalf of Plaintiff and the No Consent Class)**

36.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

37.     Defendant made unsolicited and unwanted autodialed telemarketing calls to cellular telephone numbers belonging to Plaintiff and the other members of the Class without their prior express written consent in an effort to generate business for Defendant's home security products and services.

38.     Defendant failed to obtain any prior express consent that included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a "clear and conspicuous" disclosure informing the person signing that:

(A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and

(B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

39.     Defendant's purported consent is fraudulent and fails to show Plaintiff's actual IP address.

40.     Further, Defendant sent the autodialed calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or to receive and store lists of phone numbers, and to dial such numbers, *en masse*, simultaneously and without human intervention.

41.     By making unsolicited autodialed calls to Plaintiff and members of the Class's cellular telephones without prior express written consent, and by utilizing an ATDS, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

42.     As a result of Defendant's unlawful conduct, Plaintiff and the members of the No Consent Class suffered actual damages in the form of monies paid to receive the unsolicited autodialed calls on their cellular telephones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

43.     Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

**CLASS ACTION COMPLAINT**          - 9 -

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Tracy Eggleston, on behalf of herself and the class, prays for the following relief:

   A.   An order certifying the Class as defined above, appointing Plaintiff Eggleston as the representative of the Class, and appointing her counsel as Class Counsel;

   B.   An award of statutory damages of five hundred dollars ($500.00) for each violation to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

   C.   An order declaring that Defendant's actions, as set out above, violate the TCPA;

   D.   An injunction requiring Defendant to cease all unsolicited text messaging activities, and otherwise protecting the interests of the Class;

   E.   An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above;

   F.   An award of treble damages if willfulness is shown;

   G.   Pre- and Post-judgment interest; and

   H.   Such other and further relief that the Court deems reasonable and just.

### **JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: November 25, 2019                **Tracy Eggleston**, individually and on behalf of all others similarly situated,

                By:    s/ Aaron D. Aftergood
                      One of Plaintiff's Attorneys

CLASS ACTION COMPLAINT          - 10 -

**THE AFTERGOOD LAW FIRM**
Aaron D. Aftergood (239853)
aaron@aftergoodesq.com
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 551-5221
Facsimile: (310) 496-2840

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Pro Hac Vice admission to be sought