**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

FILED
CLERK, U.S. DISTRICT COURT
FEB 21, 2020
CENTRAL DISTRICT OF CALIFORNIA
BY: BH DEPUTY

| | |
|---|---|
| Tracy Eggleston,<br><br>    Plaintiff,<br><br>v.<br><br>Direct Protect Security and<br>Surveillance, Inc.,<br><br>    Defendant. | 2:19-cv-10071-VAP-RAO<br><br>**Order DENYING Plaintiff's Motion for Alternative Service (Doc. No. 16).** |

Before the Court is Plaintiff Tracy Eggleston's Motion for Alternative Service, ("Motion," Doc. No. 16), filed on January 20, 2020. The Court finds the matter suitable for decision without a hearing pursuant to Local Rule 7-15. After considering all papers filed in support of the Motion, the Court DENIES the Motion.

**I. BACKGROUND**

Plaintiff, a California resident, brings a Telephone Consumer Protection Act claim against Defendant, a California corporation, on behalf of a putative class. (Doc. No. 16 at 3). Plaintiff obtained Defendant's registered agent's address from a recent California Secretary of State business filing, but despite repeated efforts, Plaintiff has been unable to serve Defendant personally. *Id.* In this Motion, Plaintiff requests permission

from the Court to serve the Secretary of State in accordance with Cal. Corp. Code § 1702. *Id.*

## II.     LEGAL STANDARD

The method of service chosen to satisfy due process must be "reasonably calculated to provide actual notice of the pending proceeding." *Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 795 (1983). The Federal Rules of Civil Procedure govern how process must be served; Rule 4(e)(1) allows service to be made according to California law, which lists several methods to serve process on a domestic corporation. *See* Cal. Civ. Proc. Code § 416.10.

The California Code of Civil Procedure authorizes substituted service "on the person to be served as specified in Section 416.10." *Ramos v. Homeward Residential, Inc.,* 223 Cal. App. 4th 1434, 1441–42 (2014) (internal quotation marks omitted). Cal. Civ. Proc. Code § 416.10 permits service on a corporation "by way of service on an individual or entity designated as an agent for service of process (§ 416.10, subd. (a)); service on one of the 11 officers or managers of the corporation specified in section 416.10, subdivision (b); service on a person authorized by the corporation to receive service (§ 416.10, subd. (c)); or service in a manner authorized by the Corporations Code (§ 416.10, subd. (d))." *Id.* The state-approved methods to effectuate service on a corporation include "any provision in Section 1701, 1702, 2110, or 2111 of the Corporations Code." Cal. Civ. Pro. § 416.10(d).

Under Cal. Corp. Code § 1702, a plaintiff may receive permission to attempt service by delivery to the Secretary of State, if he or she can demonstrate that after reasonable diligence, defendant's designated agent for service of process cannot be served.

### III. DISCUSSION

As noted above, a plaintiff may receive permission to attempt service by delivery to the Secretary of State if he or she can demonstrate that after "reasonable diligence," defendants otherwise cannot be served. Here, the Court finds that Plaintiff has failed to demonstrate reasonable diligence.

### A. Reasonable Diligence

Reasonable diligence entails a "thorough, systematic investigation and inquiry conducted in good faith by the party or [the party's] agent or attorney." *Kott v. Superior Court*, 45 Cal. App. 4th 1126, 1137 (1996); *see also Batte v. Bandy,* 165 Cal. App. 2d 527 (1958) (holding that the exercise of due diligence in service attempts in any other manner provided by law is a condition precedent to substitute service on the Secretary of State). Reasonable diligence is determined by the circumstances; there is "no single formula" that constitutes diligence. *Donel, Inc. v. Badalian,* 87 Cal. App. 3d 327, 333 (1978). The analysis is "simply whether [plaintiff] took those steps which a reasonable person who truly desired to give notice would have taken under the circumstances." *Id.*

Plaintiff asserts that she attempted service via process server five times at Defendant's registered agent's address. (Doc. No. 16 at 3). Courts

3

have found that good faith generally involves "[a] number of honest attempts to learn defendant's whereabouts or his address," *Kott,* 45 Cal. App. 4th at 1137-38 (1996), and requires more than a single attempt to effectuate service.  *See Giorgio v. Synergy Mgmt. Grp., LLC,* 231 Cal. App. 4th 241, 248-249 (2014) (determining that six separate occasions of attempted service, in addition to verification of defendant's address through adequate investigation, amounts to reasonably diligent efforts); *see also Estate of Smith v. City of San Diego,* No. 16-cv-2989 WQH (MDDx), 2017 WL 3175975, at *4 (S.D. Cal. 2017) (finding that verification of address and exhaustive attempts to locate and serve defendant by mail rise to reasonable diligence).

Many courts, however, have determined that good faith requires the plaintiff to show that other means to locate defendant were exhausted.  *See THC-Orange Cty. Inc. v. Valdez,* No. 17-CV-01911-LB, 2017 WL 2171185, at *3 (N.D. Cal. May 17, 2017) (denying motion because plaintiff did not consult relatives, friends, or neighbors, or hire a private investigator). Plaintiff has not taken many of the steps identified above and fails to indicate whether she attempted to contact Defendant at an email address, which would demonstrate Plaintiff's reasonable diligence.  *Facebook, Inc. v. Banana Ads, LLC,* No. C-11-3619 YGR, 2012 WL 1038752, at *3 (N.D. Cal. Mar. 27, 2012) (finding that emailing is "reasonably calculated to give actual notice" to domestic defendants).

The Court finds that Plaintiff has not met the reasonable diligence requirement.  Although Plaintiff alleges that she obtained Defendant's

registered agent's address from Defendant's most recent business filing with the California Secretary of State, nothing in the record indicates any attempts to verify or investigate Defendant's address.[1] (Doc. No. 16 at 3). Plaintiff failed to exhaust other means to effectuate service such as hiring a private investigator and consulting with relatives, friends, or neighbors about Defendant's whereabouts. There is no evidence that Plaintiff made any effort to serve Defendant in any of the other methods the California Code of Civil Procedure permits, instead, Plaintiff repeatedly attempted service using one ineffective method. Accordingly, the Court does not find Plaintiff's efforts to be reasonably diligent for purposes of § 1702.

## IV. CONCLUSION

The Court accordingly DENIES Plaintiff's Motion for Alternative Service.

**IT IS SO ORDERED.**

Dated: 2/21/20

Virginia A. Phillips
Chief United States District Judge

---

[1] Plaintiff attached Defendant's Statement of Information to her Motion. The document, filed on June 10, 2013, lists not only the registered agent for process of service, but also lists one other director with an alternative address. (Doc. No. 16, Ex. A). Plaintiff clearly states that she was unable to personally serve the registered agent, but it does not appear that Plaintiff made any effort to contact the other listed director.

5