Aaron D. Aftergood (239853)
   aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

Patrick H. Peluso (*admitted pro hac vice*)
   ppeluso@woodrowpeluso.com
Taylor T. Smith (*admitted pro hac vice*)
   tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0676
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Class

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| **Tracy Eggleston,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Direct Protect Security and Surveillance, Inc.**, a California corporation,<br><br>Defendant. | Case No.  2:19-cv-10071-VAP-RAO<br><br>**NOTICE OF MOTION AND MOTION FOR EXTENSION OF TIME TO EFFECTUATE SERVICE OF PROCESS**<br><br>Date: March 23, 2020<br>Time: 2:00 p.m.<br>Judge: Hon. Virginia A. Phillips<br>Courtroom: 8A<br>Complaint Filed: November 25, 2019 |

**PLEASE TAKE NOTICE** that on Monday, March 23, 2020, at 2:00 p.m.,

or as soon thereafter as counsel may be heard, counsel for Plaintiff Tracy Eggleston

(Plaintiff" or "Eggleston") shall appear before the Honorable Virginia A. Phillips or

any judge sitting in her stead in Courtroom 8A of the United States District Court

for the Central District of California, 350 W. 1st Street, Los Angeles, CA 90012,

and present Plaintiff's Motion for Extension of Time to Effectuate Service of Process.

The undersigned further states that that compliance with Local Rule 7-3 is not feasible because Direct Protect Security and Surveillance, Inc. has not yet appeared in this litigation.

This Motion is based on this Notice and Motion, the attached Memorandum of Points and Authorities and exhibits, oral argument of counsel, and any other matter that may be submitted at the hearing.

Respectfully submitted,

Dated: February 24, 2020

**Tracy Eggleston**, individually and on behalf of all others similarly situated,

By:      /s/ Patrick H. Peluso
One of Plaintiff's Attorneys

Aaron D. Aftergood (239853)
aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

Patrick H. Peluso (*admitted pro hac vice*)
ppeluso@woodrowpeluso.com
Taylor T. Smith (*admitted pro hac vice*)
tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0676
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Class

## MEMORANDUM OF POINTS AND AUTHORITIES

On November 25, 2019, Plaintiff Tracy Eggleston (Plaintiff" or "Eggleston") brought this alleged class action lawsuit alleging wide-scale violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA" or "Act"). (Dkt. 1.) Despite repeated attempts at service, Plaintiff has been unable to serve Defendant Direct Protect Security and Surveillance, Inc. ("Defendant" or "Direct Protect"). Therefore, Plaintiff respectfully requests an additional sixty (60) days to effectuate service of process.

## I.    Factual and Procedural History

Plaintiff filed this action on November 25, 2019 (dkt. 1), which placed the deadline to serve all Defendants on February 24, 2020. Plaintiff, via process server, first attempted service upon Defendant's registered agent on December 5, 2019. (Dkt. 16-2.) During the first attempt, the process server spoke with an individual at the home (via a Ring Doorbell System) who stated that the registered agent was not home at the moment but that he could try back tomorrow. (*Id.*) Thus, the server confirmed that the address was accurate. Thereafter, the server attempted service at the address on four other occasions—including December 7, 2019, December 9, 2019, December 12, 2019, and December 14, 2019. (*Id.*) During each attempt, Defendant's registered agent was either not home or would not answer the door despite the lights being on at the home. (*Id.*)

Based upon her inability to effectuate service, Plaintiff filed a Motion for Alternative Service upon the Defendant on January 20, 2020. (Dkt. 16.) On February 24, 2020, the Court issued an order denying Plaintiff's Motion for Alternative Service. (Dkt. 18.) The Court reasoned that Plaintiff failed to demonstrate reasonable diligence in its initial service attempts. (*Id.*) Based upon these facts, Plaintiff now respectfully requests an additional sixty (60) days to effectuate service of process.

1

## II.    Argument

2      Fed. R. Civ. P. 4 provides that if a defendant has not been served within 90

3  days after the complaint is filed the Court must dismiss the action without prejudice

4  or order that service be made within a specified time. Fed. R. Civ. P. 4(m). Further,

5  if the plaintiff shows good cause for the failure, the Court must extend the time for

6  service. *Id.* Thus, Rule 4(m) provides two avenues of relief. First, if a Plaintiff

7  shows "good cause" for the failure to effectuate service, a "court must extend the

8  time for service for an appropriate period." *Coley v. Baca*, No. CV09-08595 CAS

9  AJW, 2011 WL 651457, at *2 (C.D. Cal. Jan. 11, 2011), report and

10 recommendation adopted, No. CV 09-08595 CAS AJW, 2011 WL 641686 (C.D.

11 Cal. Feb. 11, 2011). Second, "[i]n the absence of good cause, a district court 'has

12 the discretion to dismiss without prejudice *or to extend the time period*.'" *Id.*

13 (emphasis added).

14     In the Ninth Circuit, "'[a]t a minimum, 'good cause' means excusable

15 neglect.'" *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (quoting *Boudette v.*

16 *Barnette*, 923 F.2d 754, 756 (9th Cir.1991)). However, "a plaintiff may be required

17 to show the following factors in order to bring the excuse to the level of good cause:

18 '(a) the party to be served received actual notice of the lawsuit; (b) the defendant

19 would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his

20 complaint were dismissed.'" *Id.* (citation omitted).

21     Here, Plaintiff has worked to effectuate service upon the Defendant. That is,

22 she, via process server, confirmed the Defendant's registered agent address and

23 attempted service on five occasions. It was clear after five attempts that Defendant

24 was avoiding service. Thereafter, Plaintiff filed a Motion for Alternative Service on

25 January 20, 2020. The motion sought permission to effectuate service upon the

26 Defendant via the California Secretary of State. (Dkt. 16.) On February 24, 2020,

27 the Court issued its Order denying Plaintiff's Motion. (Dkt. 18.) Thus, it cannot be

28

said that Plaintiff simply failed to attempt service. Indeed, just the opposite is true. Here, Plaintiff attempted service on multiple occasions and sought relief from the Court to effectuate alternative service. At the very least, Plaintiff's conduct rises to the level of excusable neglect. In short, good cause exists to extend the deadline for service. Further, if extended, Plaintiff will attempt to locate and serve the Defendant's second Director, James Melad.

Moreover, the factors that courts may choose to analyze also argue in favor of granting an extension. First, while Defendant has not received actual notice of this lawsuit, it is worth noting that the Defendant's registered agent and director repeatedly refused to open his door at his own residence. As such, Defendant's attempts to evade service should not be rewarded. Second, the Defendant would not suffer any prejudice at all. That is, the statute of limitations has not run on Plaintiff's claims and the result of a dismissal would only be to re-file the Complaint, which again unfairly rewards the Defendant's attempts to avoid service. Finally, Plaintiff would suffer prejudice should the Court choose to dismiss the case. That prejudice includes—the additional passage of time to re-file the case and the costs associated with re-filing. When weighing these factors, it is clear that an extension of the deadline is warranted. Moreover, the denial of an extension is likely to end with re-filing the same case in the same Court and obtaining an additional 90-days to again effectuate service.

In short, good cause exists to extend Plaintiff's deadline to serve the Defendant. Therefore the Court should grant Plaintiff a 60-day extension of the deadline to serve Defendant until April 22, 2020.

## III. Conclusion

Therefore, Plaintiff respectfully requests that the Court grant the present motion and extend the deadline for Plaintiff to effectuate service upon Defendant Direct Protect until April 22, 2020, and for such additional relief as the Court deems

1    necessary and just.

2                                        Respectfully submitted,

3

4    Dated: February 24, 2020             **Tracy Eggleston**, individually and on behalf
                                          of all others similarly situated,

5

6                                   By:   _____/s/ Patrick H. Peluso_____

7                                         One of Plaintiff's Attorneys

8                                         Aaron D. Aftergood (239853)
                                          aaron@aftergoodesq.com
9                                         **THE AFTERGOOD LAW FIRM**
                                          1880 Century Park East, Suite 200
10                                        Los Angeles, CA 90067
                                          Telephone: (310) 550-5221
11                                        Facsimile: (310) 496-2840

12                                        Patrick H. Peluso (*admitted pro hac vice*)
                                          ppeluso@woodrowpeluso.com
13                                        Taylor T. Smith (*admitted pro hac vice*)
                                          tsmith@woodrowpeluso.com
14                                        **WOODROW & PELUSO, LLC**
                                          3900 East Mexico Avenue, Suite 300
15                                        Denver, Colorado 80210
                                          Telephone: (720) 213-0675
16                                        Facsimile: (303) 927-0809

17                                        Attorneys for Plaintiff and the Class

18

19

20                          **CERTIFICATE OF SERVICE**

21          The undersigned hereby certifies that a true and correct copy of the above

22   titled document was served upon counsel of record by filing such papers via the

23   Court's ECF system on February 24, 2020.

24                                        _____/s/ Patrick H. Peluso_____

25

26

27

28