1

Aaron D. Aftergood (239853)
    aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

2

3

4

Patrick H. Peluso (*admitted pro hac vice*)
    ppeluso@woodrowpeluso.com
Taylor T. Smith (*admitted pro hac vice*)
    tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0676
Facsimile: (303) 927-0809

5

6

7

8

9

Attorneys for Plaintiff and the Class

10

11

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

12

13

14

**Tracy Eggleston,** individually and on behalf of all others similarly situated,

Case No.  2:19-cv-10071-VAP-RAO

15

16

Plaintiff,

**NOTICE OF MOTION AND MOTION FOR SECOND EXTENSION OF TIME TO EFFECTUATE SERVICE OF PROCESS**

17

v.

18

19

**Direct Protect Security and Surveillance, Inc.**, a California corporation,

20

Date: May 18, 2020
Time: 2:00 p.m.
Judge: Hon. Virginia A. Phillips
Courtroom: 8A
Complaint Filed: November 25, 2019

21

Defendant.

22

23

     **PLEASE TAKE NOTICE** that on Monday, May 18, 2020, at 2:00 p.m., or

24

as soon thereafter as counsel may be heard, counsel for Plaintiff Tracy Eggleston

25

(Plaintiff" or "Eggleston") shall appear before the Honorable Virginia A. Phillips or

26

any judge sitting in her stead in Courtroom 8A of the United States District Court

27

28

1    for the Central District of California, 350 W. 1st Street, Los Angeles, CA 90012,

2    and present Plaintiff's Motion for Second Extension of Time to Effectuate Service

3    of Process.

4         The undersigned further states that that compliance with Local Rule 7-3 is

5    not feasible because Direct Protect Security and Surveillance, Inc. has not yet

6    appeared in this litigation.

7         This Motion is based on this Notice and Motion, the attached Memorandum

8    of Points and Authorities and exhibits, oral argument of counsel, and any other

9    matter that may be submitted at the hearing.

10

11                               Respectfully submitted,

12

13    Dated: April 15, 2020             **Tracy Eggleston**, individually and on behalf
                                        of all others similarly situated,

14

15                    By:    */s/ Taylor T. Smith*
                            One of Plaintiff's Attorneys

16

17                         Aaron D. Aftergood (239853)
                            aaron@aftergoodesq.com

18                         **THE AFTERGOOD LAW FIRM**
                        1880 Century Park East, Suite 200

19                         Los Angeles, CA 90067
                        Telephone: (310) 550-5221

20                         Facsimile: (310) 496-2840

21                         Patrick H. Peluso (*admitted pro hac vice*)
                          ppeluso@woodrowpeluso.com

22                         Taylor T. Smith (*admitted pro hac vice*)
                          tsmith@woodrowpeluso.com

23                         **WOODROW & PELUSO, LLC**
                        3900 East Mexico Avenue, Suite 300

24                         Denver, Colorado 80210
                        Telephone: (720) 213-0676

25                         Facsimile: (303) 927-0809

26                         Attorneys for Plaintiff and the Class

27

28

---

**MEMORANDUM OF POINTS AND AUTHORITIES**

Despite numerous service attempts, Plaintiff Tracy Eggleston (Plaintiff" or "Eggleston") has been unable to effectuate service on Defendant Direct Protect Security and Surveillance, Inc. ("Defendant" or "Direct Protect"). Unfortunately, the ongoing COVID19 Pandemic has further frustrated her service attempts. That is, Plaintiff has arranged for the Orange County Sheriff's Department ("OCSD") to serve Direct Protect at its only confirmed address. However, the OCSD has informed Plaintiff that it has suspended all civil service attempts until further notice as a result of pandemic. An outside, uncontrollable event, such as the pandemic, is sufficient to establish good cause for an additional extension of time to complete service. Especially where, as here, Plaintiff has demonstrated diligence in her service attempts, and the outside event has prevented additional attempts. As such, Plaintiff respectfully requests an additional sixty (60) days to effectuate service of process.

## I.      Factual and Procedural History

On November 25, 2019, Plaintiff brought this alleged class action lawsuit alleging wide-scale violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA" or "Act"). (Dkt. 1.) Plaintiff, via process server, first attempted service upon Defendant's registered agent on December 5, 2019. (*See* Dkt. 16-2; Declaration of Taylor T. Smith ("Smith Decl."), a true and accurate copy of which is attached hereto as Exhibit A.) During the first attempt, the process server spoke with an individual at the home (via a Ring Doorbell System) who stated that the registered agent was not home at the moment but that he could try back tomorrow. (*See* Dkt. 16-2; Smith Decl. ¶ 4.) Thus, the server confirmed that the address was accurate. The server then attempted service at the address on four other occasions—including December 7, 2019, December 9, 2019, December 12, 2019, and December 14, 2019. (*See* Dkt. 16-2; Smith Decl. ¶ 5.) During each

1  attempt, Defendant's registered agent was either not home or would not answer the

2  door despite the lights being on at the home. (*See* Dkt. 16-2; Smith Decl. ¶ 4.)

3        Based upon her inability to effectuate service, Plaintiff filed a Motion for

4  Alternative Service upon the Defendant on January 20, 2020. (Dkt. 16.) On

5  February 21, 2020, the Court issued an order denying Plaintiff's Motion for

6  Alternative Service. (Dkt. 18.) The Court reasoned that Plaintiff failed to

7  demonstrate reasonable diligence in its initial service attempts. (*Id.*) Then, Plaintiff

8  filed a Motion for Extension of Time to Effectuate Service of Process (Dkt. 19.) On

9  March 16, 2020, the Court granted Plaintiff an additional thirty (30) days, until

10  April 15, 2020, to effectuate service. (Dkt. 20.) The Court further noted that no

11  further extensions would be granted. (*Id.*)

12        On March 2, 2020, Plaintiff, via process server, attempted to serve the Direct

13  Protect's only other known director, James Melad, at his last known address, 222

14  20th Street, Huntington Beach, California 92648. (*See* March 13th Declaration of

15  Diligence, a true and accurate copy of Exhibit B; Smith Decl. ¶ 10.) The process

16  server spoke with the current occupants of the home who stated that Mr. Melad

17  moved roughly three years ago. (*See* Ex. B; Smith Decl. ¶ 10.) Plaintiff then

18  directed the process server to attempt service at Direct Protect's purported business

19  address located at 3151 Airway Ave. #F205, Costa Mesa, California 92626. (*See*

20  March 25th Declaration of Diligence, a true and accurate copy of which is attached

21  hereto as Exhibit C; Smith Decl. ¶ 11.) Plaintiff unsuccessfully attempted service at

22  Defendant's purported business address on five occasions, including: March 16,

23  2020, March 18, 2020, March 20, 2020, March 23, 2020, and March 25, 2020. (Ex.

24  C; Smith Decl. ¶ 12.) On each attempt, the process server observed that no persons

25  were present at the address provided, and that it did not appear that anyone

26  regularly used the office. (Ex. C; Smith Decl. ¶ 13.)

27        On March 30, 2020, Plaintiff arranged for service, via the OCSD, on Direct

28

1  Protect at its registered agent's address, which is the only confirmed address for the

2  Defendant. (*See* Smith Decl. ¶¶ 4, 16; Dkt. 16-2.) Plaintiff provided the Complaint,

3  Summons, and other initiating documents to the OCSD, along with payment for the

4  service. (Smith Decl. ¶ 16.) OCSD informed counsel that it was not current

5  attempting any civil service due to the COVID19 pandemic. (*Id.* ¶ 15.) OCSD said

6  that it would resume service at a later, unknown date. (*Id.* ¶ 17.)

7     Based upon these facts, Plaintiff now respectfully requests an additional sixty

8  (60) days to effectuate service of process.

9  **II.  Argument**

10    Fed. R. Civ. P. 4 offers Plaintiff two avenues of relief. First, if a plaintiff

11 shows "good cause" for the failure to effectuate service, a "court must extend the

12 time for service for an appropriate period." *Coley v. Baca*, No. CV09-08595 CAS

13 AJW, 2011 WL 651457, at *2 (C.D. Cal. Jan. 11, 2011), report and

14 recommendation adopted, No. CV 09-08595 CAS AJW, 2011 WL 641686 (C.D.

15 Cal. Feb. 11, 2011). Alternatively, "[i]n the absence of good cause, a district court

16 'has the discretion to dismiss without prejudice *or to extend the time period*.'"

17 *Coley v. Baca*, No. CV09-08595 CAS AJW, 2011 WL 651457, at *2 (C.D. Cal. Jan.

18 11, 2011), report and recommendation adopted, No. CV 09-08595 CAS AJW, 2011

19 WL 641686 (C.D. Cal. Feb. 11, 2011) (emphasis added). The Ninth Circuit has

20 noted "that the district court's discretion is broad." *Hearst v. West*, 31 F. App'x 366,

21 369 (9th Cir. 2002).

22    "The 'good cause' inquiry focuses on whether the Plaintiff has been diligent

23 in attempting to effect service, and whether 'some outside factor ... rather than

24 inadvertence or negligence, prevented service....'" *Blankenship v. Account Recovery*

25 *Serv., Inc.*, No. 15-CV-2551-BTM-JLB, 2017 WL 1653159, at *2 (S.D. Cal. May 2,

26 2017). "'At a minimum, 'good cause' means excusable neglect.'" *In re Sheehan*,

27 253 F.3d 507, 512 (9th Cir. 2001) (quoting *Boudette v. Barnette*, 923 F.2d 754, 756

28

1   (9th Cir.1991)). However, "a plaintiff may be required to show the following

2   factors in order to bring the excuse to the level of good cause: '(a) the party to be

3   served received actual notice of the lawsuit; (b) the defendant would suffer no

4   prejudice; and (c) plaintiff would be severely prejudiced if his complaint were

5   dismissed.'" *Id.* (citation omitted).

6         Here, good cause exists to grant Plaintiff a second extension of the deadline

7   to serve all defendants. Since requesting the previous extension, Plaintiff has

8   diligently worked to effectuate service. On March 2, 2020, Plaintiff attempted to

9   serve Direct Protect's only other known director, James Melad, at his last known

10  address. (*See* Ex. B.) Unfortunately, Mr. Melad has not resided at that address in

11  three years. (*See id.*) Plaintiff then attempted service, via process server, at the

12  Defendant's last known business address on five occasions. (*See* Ex. C.) This also

13  proved futile since it appeared that no functioning business was present at this

14  address. (*See id.*) On March 30, 2020, Plaintiff arranged for the OCSD to serve

15  Direct Protect's registered agent at his registered address. (Smith Decl. ¶ 16.) Recall

16  that this is the only confirmed address for Direct Protect. (*See* Dkt. 16-2; Smith

17  Decl. ¶ 4.)

18        Unfortunately, the OCSD has informed Plaintiff's counsel that due to the

19  ongoing COVID19 Pandemic the department is not currently attempting any civil

20  service. (Smith Decl. ¶ 15.) However, the OCSD will retain Plaintiff's request and

21  commence service at an unknown later date. (*Id.* ¶ 17.) This situation rises far

22  beyond "excusable neglect." Rather, despite persistent attempts to serve Direct

23  Protect, Plaintiff now finds herself at the mercy of an outside event, the COVID19

24  Pandemic, regarding when the OCSD will resume service attempts. And service via

25  a private process server would likely prove futile given the Defendant's agent's

26  previous avoidance of service at this same address. (*See* Dkt. 16-2.) Of course,

27  Defendant's actions to avoid service alone can establish good cause for an

28

1  extension. *See Hearst* 31 F. App'x at 368 ("A defendant's affirmative actions, which

2  frustrate service, may constitute good cause for failure to effect timely service[.]").

3  In short, in light of the pandemic, Plaintiff needs an additional sixty (60) days to

4  effectuate service. The additional time is necessary given that the OCSD is

5  uncertain as to when the department will resume civil service operations.

6          Furthermore, the factors that courts may choose to analyze also argue in

7  favor of granting an extension. First, while Defendant has not received actual notice

8  of this lawsuit, Defendant's registered agent and director repeatedly refused to

9  accept service. (*See* Dkt. 16-2; Smith Decl. ¶¶ 4-5.) Consequently, Defendant's

10  attempts to evade service should not be rewarded. Second, the Defendant would not

11  suffer any prejudice at all. That is, the statute of limitations has not run on

12  Plaintiff's claims and the result of a dismissal would only be to re-file the

13  Complaint, which again unfairly rewards the Defendant's attempts to avoid service.

14  Finally, Plaintiff would suffer prejudice should the Court decide to dismiss the case.

15  That prejudice includes—the additional passage of time to re-file the case, the costs

16  associated with re-filing, and incurred costs associated with her service attempts to

17  date. When weighing these factors, it is clear that an extension of the deadline is

18  warranted. Moreover, the denial of an extension is likely to end with re-filing the

19  same case in the same Court and obtaining an additional 90-days to again effectuate

20  service.

21          Accordingly, good cause exists to grant Plaintiff a second extension of the

22  deadline to serve the Defendant. The Court should grant Plaintiff an additional sixty

23  (60) days to complete service.

24  **III.   Conclusion**

25          Therefore, in light of the current pandemic, Plaintiff respectfully requests that

26  the Court grant the present motion and extend the deadline for Plaintiff to effectuate

27  service upon Defendant Direct Protect by sixty (60) days, and for such additional

28

1  relief as the Court deems necessary and just.

2                                         Respectfully submitted,

3

4  Dated: April 15, 2020                  **Tracy Eggleston**, individually and on behalf
                                          of all others similarly situated,

5

6                              By:     _/s/ Taylor T. Smith_____
                                       One of Plaintiff's Attorneys

7

8                                      Aaron D. Aftergood (239853)
                                          aaron@aftergoodesq.com
9                                      **THE AFTERGOOD LAW FIRM**
                                       1880 Century Park East, Suite 200
10                                     Los Angeles, CA 90067
                                       Telephone: (310) 550-5221
11                                     Facsimile: (310) 496-2840

12                                     Patrick H. Peluso (*admitted pro hac vice*)
                                          ppeluso@woodrowpeluso.com
13                                     Taylor T. Smith (*admitted pro hac vice*)
                                          tsmith@woodrowpeluso.com
14                                     **WOODROW & PELUSO, LLC**
                                       3900 East Mexico Avenue, Suite 300
15                                     Denver, Colorado 80210
                                       Telephone: (720) 213-0675
16                                     Facsimile: (303) 927-0809

17                                     Attorneys for Plaintiff and the Class

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

The undersigned hereby certifies that a true and correct copy of the above

3

titled document was served upon counsel of record by filing such papers via the

4

Court's ECF system on April 15, 2020.

5

*/s/ Taylor T. Smith*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Motion and Motion for Second Extension of Time to Effectuate Service of Process

- 9 -