# EXHIBIT A

Aaron D. Aftergood (239853)
aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

Patrick H. Peluso (*admitted pro hac vice*)
ppeluso@woodrowpeluso.com
Taylor T. Smith (*admitted pro hac vice*)
tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0676
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| **Tracy Eggleston,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Direct Protect Security and Surveillance, Inc.**, a California corporation,<br><br>Defendant. | Case No. 2:19-cv-10071-VAP-RAO<br><br>**DECLARATION OF TAYLOR T. SMITH IN SUPPORT OF PLAINTIFF'S MOTION FOR SECOND EXTENSION OF TIME TO EFFECTUATE SERVICE OF PROCESS**<br><br>Date: May 18, 2020<br>Time: 2:00 p.m.<br>Judge: Hon. Virginia A. Phillips<br>Courtroom: 8A<br>Complaint Filed: November 25, 2019 |

I, Taylor T. Smith, declare as follows:

1. I am an associate attorney with the law firm Woodrow & Peluso, LLC and an attorney of record for Plaintiff Tracy Eggleston ("Plaintiff" or "Eggleston").

---
Declaration of Taylor T. Smith ISO Motion for Second Extension of Time to Effectuate Service of Process
- 1 -

1. I am over the age of 18 and, if necessary, can competently testify if required to do so.

2. On November 25, 2019, Plaintiff filed the instant action alleging wide-scale violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA" or "Act"). (Dkt. 1.)

3. On December 2, 2019, counsel sent the Complaint, Summons, and initiating documents to a process server in the State of California for service on Defendant Direct Protect Security & Surveillance, Inc.'s ("Defendant" or "Direct Protect").

4. On December 5, 2019, Plaintiff, via process server, attempted to serve Direct Protect's registered agent, Matthew Leibelt, at his registered address, 216 E. 18th Street, Costa Mesa, California 92627. During the attempt, the process server spoke with an individual at the residence (via a Ring Doorbell System) who stated that the registered agent was not home at the moment but that he could try back tomorrow.

5. The server attempted service at the 216 E. 18th Street address on four other occasions—including December 7, 2019, December 9, 2019, December 12, 2019, and December 14, 2019. On the December 12th attempt, the server witnessed that the lights were on, however, no one answered the door.

6. Based on Direct Protect's avoidance of service, Plaintiff filed a Motion for Alternative Service on January 20, 2020. (Dkt. 16.) Plaintiff sought to serve Direct Protect via the California Secretary of State's Office.

7. On February 21, 2020, the Court issued an Order denying Plaintiff's Motion for Alternative Service. (Dkt. 18.) In its Order, the Court held that Plaintiff had failed to demonstrate reasonable diligence in her initial service attempts. (*Id.*)

8. Thereafter, on February 24, 2020, Plaintiff filed a Motion for Extension of Time to Effectuate Service of Process. (Dkt. 19.)

9. On March 16, 2020, the Court granted Plaintiff an additional thirty (30) days, until April 15, 2020, to effectuate service. (Dkt. 20.)

10. On March 2, 2020, Plaintiff, via process server, attempted to serve one of Direct Protect directors, James Melad, at his last known address, 222 20th Street, Huntington Beach, California 92648. During the first attempt at service, the server was notified that Mr. Melad had not resided at this address for about three years.

11. Thereafter, counsel located Direct Protect's last known business address at 3151 Airway Ave. #F205, Costa Mesa, California 92626.

12. Plaintiff attempted to serve Direct Protect at its Costa Mesa address on five occasions: March 16, 2020, March 18, 2020, March 20, 2020, March 23, 2020, and March 25, 2020.

13. On each attempt, the server observed that no individuals were present at the address and that it did not appear that anyone regularly utilized the office.

14. Shortly thereafter, counsel for Plaintiff contacted the Orange County Sheriff's Department ("OCSD") to arrange for service of process upon Direct Protect's registered agent.

15. OCSD informed counsel that the department could accept the request and payment for service, however, the department was not attempting any civil service attempts during the ongoing COVID19 pandemic.

16. On March 30, 2020, Plaintiff sent the OCSD a request to serve Direct Protect at its registered agent's address. Plaintiff submitted the Complaint, Summons, other initiating documents, and made a payment to the OCSD.

17. OCSD further informed counsel that the department would retain Plaintiff's documents for service until the pandemic restrictions were lifted. However, OCSD could not provide any time frame for when it would resume service attempts.

18. On April 15, 2020, counsel for Plaintiff spoke with the OCSD. The

1  OCSD again stated that it was uncertain of the date that civil service would resume.
2        I declare under penalty of perjury under the laws of the United States of
3  America that the foregoing is true and correct. Executed on April 15, 2020, in
4  Denver, Colorado.

                                        By: /s/ Taylor T. Smith  
                                              Taylor T. Smith