JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Tracy Eggleston,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Direct Protect Security and Surveillance, Inc.,<br><br>　　　　Defendant. | 2:19-cv-10071-VAP-RAO<br><br>**Order DENYING Plaintiff's Motion for Second Extension of Time to Effectuate Service of Process<br>(Doc. No. 21).** |

　　Before the Court is Plaintiff Tracy Eggleston's Motion for Second Extension of Time to Effectuate Service of Process, ("Motion," Doc. No. 21), filed on April 15, 2020.  The Court finds the matter suitable for decision without a hearing pursuant to Local Rule 7-15.  After considering all papers filed in support of the Motion, the Court DENIES the Motion.

## I.　　PROCEDURAL BACKGROUND

　　On January 20, 2020, Plaintiff filed a Motion for Alternative Service. (Doc. No. 16).  Plaintiff failed to demonstrate reasonable diligence in effectuating service and the Court accordingly denied the Motion for Alternative Service.  (Doc. No. 18).  Plaintiff then filed a Motion for Extension of Time to Effectuate Service of Process (Doc. No. 19), which the Court granted.  In the Order, the Court granted an extension of thirty (30) days and

stated that no further extensions would be granted. (Doc. No. 21). Plaintiff now seeks an additional extension of sixty (60) days to effectuate service.

## II. LEGAL STANDARD

Fed. R. Civ. P. 4(m) sets forth a two-step analysis to determine whether to extend the prescribed time period for the service of a complaint. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (citing Fed. R. Civ. P. 4(m)). First, upon a showing of good cause for defective service, courts must extend the time period. *Id.* Second, absent good cause, courts have broad discretion to dismiss without prejudice or to extend the time period upon a showing of excusable neglect. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007); *see also Lemoge v. U.S.*, 587 F.3d 1188, 1198 (9th Cir. 2009).

## III. DISCUSSION

As noted above, plaintiffs may receive extensions of time to effect service if there is good cause or courts exercise their discretion to grant extensions upon a showing of excusable neglect. Here, the Court finds Plaintiff failed to demonstrate good cause.

### A. GOOD CAUSE

The good cause inquiry focuses on whether the plaintiff has been diligent in attempts to effect service. *Blankenship v. Account Recovery Serv., Inc.*, No. 15-CV-2551-BTM-JLB, 2017 WL 1653159, at *2 (S.D. Cal. May 2, 2017). In this inquiry, courts may consider the following factors: "(a) the party to be served received actual notice of the lawsuit; (b) the

defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *In re Sheehan*, 253 F.3d at 512 (quoting *Boudette v. Barnette,* 923 F.2d 754, 756 (9th Cir.1991)). The plaintiff bears the burden to show "good cause" for the delay in service. *See Lemoge, 587 F.3d at 1198.*

Plaintiff asserts that she "has diligently worked to effectuate service" but the ongoing COVID 19 pandemic has frustrated her efforts. (Mot. 3-4). Plaintiff concedes that Defendant did not receive actual notice of this lawsuit, but argues that Defendant would not be prejudiced because Defendant evaded service and the statute of limitations has not run on Plaintiff's claims. (Mot. 7). Plaintiff reasons that since the statute of limitations has not run, a dismissal of her Complaint would result in her re-filing the claims. (*Id.*) Plaintiff argues that this re-filing constitutes the severe prejudice she would suffer if her Complaint were dismissed. (*Id.*)

These arguments are unpersuasive. Nothing in the record shows that Plaintiff made attempts to verify or investigate Defendant's address, such as hiring a private investigator, consulting relatives, friends, neighbors, or even attempting to find an email address. *See THC-Orange Cty. Inc. v. Valdez,* No. 17-CV-01911-LB, 2017 WL 2171185, at *3 (N.D. Cal. May 17, 2017); *see also Facebook, Inc. v. Banana Ads, LLC,* No. C-11-3619 YGR, 2012 WL 1038752, at *3 (N.D. Cal. Mar. 27, 2012). The Court addresses three points Plaintiff raises in her Motion.

First, in her previous Motion for Extension of Time to Effectuate Service of Process, Plaintiff stated that if granted the extension, she would "attempt to locate and serve Defendant's second Director, James Melad." (Mot. 5, Doc. No. 19). Based on the record, Plaintiff did not engage in efforts to find the current address for this director. According to Plaintiff, she attempted to serve him once at an address he has not resided at for three years. (Mot. 4).

Second, Plaintiff asserts that she attempted service five times via process server at Defendant's last known business address, even though it appeared that "no functioning business was present at this address." (Mot. 6). Again, nothing in the record indicates Plaintiff attempted to find a valid address for Defendant or its director(s).

Third, Plaintiff arranged for the Orange County Sheriff Department (OCSD) to serve Defendant's registered agent at his registered address. (Mot. 3, 6). However, due to COVID 19 restrictions, OCSD is not attempting any civil service and it is unclear when it will resume those services. (Mot. 6). Nonetheless, Plaintiff asserts that "additional time is necessary given that the OCSD is uncertain as to when the department will resume civil service operations." (Mot. 7). Despite this, nothing in the record indicates that Plaintiff engaged in any of the other methods the California Code of Civil Procedure permits. Further, Plaintiff argues that "service via a private process server would likely prove futile."[1] (Mot. 6).

---

[1] Presumably, Plaintiff's argument is based on the unsuccessful attempts to effect service upon the registered agent in December 2019. (Mot. 3, Doc. No. 16). It is unclear whether Plaintiff has attempted to effect service upon

4

It is now well beyond the ninety (90) day period prescribed under Fed. R. Civ. P. 4, and the Court does not find good cause to allow Plaintiff a second extension.

## B. EXCUSABLE NEGLECT

To determine if there is "excusable neglect," courts consider "at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Lemoge*, 587 F.3d at 1192 (quoting *Bateman v. U.S. Postal Servs.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000)).

The Court recognizes the novelty of the current COVID 19 pandemic, but it does not appear to be the sole reason for Plaintiff's unsuccessful service attempts. Plaintiff is not arguing that she needs the additional time to verify current addresses or serve a different director, as she stated in her first request. Instead the basis for Plaintiff's request for a second extension is OCSD's civil service suspension. Plaintiff contends that the uncertainty in when OCSD will resume its services warrants an extension, but it is unclear whether OCSD will even resume services within the requested sixty (60) days. Considering Plaintiff failed to demonstrate efforts to verify valid addresses for Defendant and its director(s), granting Plaintiff a second

---

the registered agent since then or since the Court granted Plaintiff's previous request for a time extension.

extension to wait for OCSD to resume its service at a later, unknown date would unnecessarily prolong the proceedings.

## IV.　CONCLUSION

The Court therefore DENIES Plaintiff's Motion for Second Extension of Time to Effectuate Service of Process.  Accordingly, this action is dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 4.

**IT IS SO ORDERED.**

Dated:　5/22/20

Virginia A. Phillips
Chief United States District Judge